# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | |
|---|---|
| **Case Title :** John Mehl | **Case No :** 18-27727-B-13J |
| | **Date :** 01/22/19 |
| | **Time :** 01:00 p.m. |

**Matter :** [17] Motion for Relief from Automatic Stay [AP-1]

**Judge :** Christopher D. Jaime
**Courtroom Deputy :** Danielle Mobley
**Reporter :** Electronic Record
**Department :** B

**APPEARANCES for:**
**Movant(s) :**
　　None
**Respondent(s) :**
　　Debtor's Attorney - Scott Shumaker; Trustee's Attorney - Kristen Koo

## CIVIL MINUTES

The motion has been set for hearing on the 28-days notice required by Local Bankruptcy Rule 9014-1(f)(1). The failure of the respondent and other parties in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014-1(f)(1)(B) is considered to be the equivalent of a statement of nonopposition. *Cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Opposition was filed. The court will address the merits of the motion at the hearing.

The court's decision is to grant the motion and terminate the automatic stay of § 362(a) for cause under § 362(d)(1) as it applies to the real property located at 3104 Crest Haven Dr., Sacramento, California, 95821-6131.

**Motion for Relief from Stay**

Creditor Wells Fargo Bank, N.A. ("Movant") seeks relief from the automatic stay with respect to real property commonly known as 3104 Haven Dr., Sacramento, California 95821-6131 ("Property"). Movant has provided the Declaration of Rodney Coaxum-Richardson to introduce into evidence the documents upon which it bases the claim and the obligation secured by the Property.

The Coaxum-Richardson Declaration states that there are 0 post-petition defaults, but there are 96 pre-petition payments in default from an extensive

loan modification and appeal history, with a total of $167,331.32 in pre-petition payments past due; Movant argues this 8-year history shows a scheme to delay and defraud Movant as an abuse of California Code of Civil Procedure § 2923.6(c) and the Bankruptcy Code.  Dkt. 20 ¶¶ 5-30 (summarizing history of loan modification requests and appeals, and seven postponements of Trustee's Sale); dkt. 17, p. 7.

**Debtor's Opposition**

Debtor John Mehl ("Debtor") filed an opposition on January 8, 2019.  Dkt. 40.

Debtor asserts that Movant has resisted Debtor's attempts to communicate with him regarding a loan modification, and that Movant's unclean hands justify denying the relief requested.

Debtor points to a civil lawsuit he filed in Sacramento Superior Court, case no. 34-2017-00211100, where he was granted a Restraining Order to stop an upcoming Trustee Sale based on alleged violations of the California Homeowners Bill of Rights.  Since the matter was removed to federal court, Debtor claims that he has been referred between Movant's staff and the civil litigation attorney, and summarizes his efforts prior to filing for bankruptcy.  Dkt. 41, pp. 2-5.

Debtor also argues that the motion is premature, as the confirmation hearing is set for February 12, 2019, and waiting for the confirmation hearing will not prejudice Movant based on the adequate protection payments and cure of arrears provided in the plan until that date.  Dkt. 32.

**Movant's Reply**

Movant filed a reply on January 15, 2019.  Dkt. 50.

Movant cites to specific instances as examples of its efforts to communicate to Debtor through civil counsel, Mr. Scott Teigle.  In addition, Movant points to Debtor's $3,000,000.00 in bonds, mutual funds, and/or publically traded stocks as evidence of a bad faith filing in light of these assets not being disclosed in the prior bankruptcy cases and due to the delay in paying creditors.

Movant also disputes Debtor's argument that waiting until the confirmation hearing will not prejudice creditors, as the plan relies on speculative commissions to fund the plan and Movant is required to wait for full payment until August 2019.

Also, Movant points to the 14 loan modification applications that were submitted, and that 3 of those applications were considered in 2018, and asserts that this is sufficient under the Homeowners Bill of Rights.

**Discussion**

From the evidence provided to the court, and only for purposes of this motion, the total debt secured by this Property is determined to be $678,128.58 (including $277,625.58 secured by Movant's first deed of trust) as stated in the Relief from Stay Summary Sheet filed by Movant and Schedule D filed by the Debtor.  Dkt. 37, p. 12; dkt. 19, p. 1.  The court notes that Debtor valued the Property at $0.00, despite listing a fee simple interest.  Dkt. 37, p. 3.  Also, while the deadline to file is not until February 21, 2019, a review of the claims registry shows that Creditor has not yet filed a proof of claim.  Dkt. 47.

The court maintains the right to grant relief from stay for cause when a

debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. 11 U.S.C. § 362(d)(1); *In re Harlan*, 783 F.2d 839 (B.A.P. 9th Cir. 1986); *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985). The court initially notes that the parties should not litigate the prior loan modification attempts and violations of the Homeowners Bill of Rights on a stay relief motion. *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738, 740 (9th Cir. 1985), *cert. denied*, 474 U.S. 828 (1985). Hearings on relief from the automatic stay are handled in a summary fashion, which means the validity of a claim or contract underlying the request for relief is not litigated during the hearing. *Id.*

That said, the court may sua sponte take appropriate action to address a debtor's bad faith and abusive conduct. *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764 (9th Cir. 2008). And in that regard, the totality of the circumstances surrounding the filing of a bankruptcy petition are relevant. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223-24 (9th Cir. 1999). The totality of the circumstances includes facts leading up to the filing of a petition. *See Matter of Little Creek Develop. Co.*, 779 F. 2d 1068, 1072 (5th Cir. 1986).

Movant also requested relief under 11 U.S.C. § 362(d)(4), which provides:

> with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>>
>> (B) multiple bankruptcy filings affecting such real property.

Movant provided no evidence of the Property being transferred, but the court's review of the prior bankruptcies filed by Debtor revealed the following:

| Bankruptcy Case Number and Chapter | Document/Event | Comments | Docket Citation |
|---|---|---|---|
| 18-27727, Chapter 13 | | | |
| | Petition | Filed December 13, 2018 | 1 |
| | Schedule A/B | Debtor listed $0.00 in real estate, including a fee simple interest in the Property, and $3,033,012.00 in personal property, mostly consisting of bonds, mutual funds, or publicly traded stocks | 37, pp. 1, 3-8 |
| 18-26553, Chapter 13 | | | |
| | Petition | Filed October 17, 2018. No schedules attached | 1 |

|  | | | |
|---|---|---|---|
|  | Dismissal | Entered November 15, 2018, due to failure to timely file documents | 29 |
|  | Motion for Relief | Denied as moot, but the court noted that, responding to Movant's argument under § 362(d)(4) the prior bankruptcy filings "spaced out over eight years may be more akin to an uninformed or futile tactic rather than a 'scheme.'" | 31, pp. 4-5 |
| 17-20699, Chapter 13 | | | |
|  | Petition | Filed February 2, 2017 | 1 |
|  | Schedule A/B | Listing $0.00 of real estate, including a "fee simpler [sic]" interest in the Property, and $23,905.00 of personal property | 20 |
|  | Dismissal | Granted the Chapter 13 Trustee's motion to dismiss on April 27, 2017, for failure to file a credit counseling certificate and for delinquent plan payments | 40, 43 |
| 13-35728, Chapter 13 | | | |
|  | Petition | Filed December 16, 2013, no schedules attached | 1 |
|  | Dismissal | Case dismissed December 27, 2013, for failure to timely file documents | 11 |
| 10-53158, Chapter 7 | | | |
|  | Petition | Filed December 20, 2010 | 1 |
|  | Schedule A/B | Listed $165,000.00 of real property, consisting of the Property, and $236,888.86 of personal property | 1, p. 19 |
|  | Discharge and Case Closed | Discharge entered April 4, 2011, and case closed April 8, 2011 | 23, 25 |

|  | Motion to reopen | Debtor requested the case be reopened to disclose an interest in a potential lawsuit | 27 |
|---|---|---|---|
|  | Amended Schedule A/B | Filed May 15, 2018, adding a $10,000.00 lawsuit against Wells Fargo for violation of Bill of Rights filed in 2017 | 35, p. 9 |

This history of substantially undervaluing the Property, not only while *pro se* but also with the assistance of counsel, is disturbing.  The exclusion of any value for the Property in the Schedules, and the failure to file Schedules disclosing the Property in the first instance, in this case and the Debtor's other bankruptcy cases is even more troubling.  And since Schedules are filed under penalty of perjury pursuant to Federal Rule of Bankruptcy Procedure 1008, those exclusions and omissions are indicative of bad faith.  Further, the sudden appearance of $3,000,000.00 in assets within a 28-day period between multiple filings, without explanation, undercuts Debtor's arguments of good faith in these cases and, again, is indicative of bad faith.  Further, the repeat filing of multiple nonproductive bankruptcy cases (5, including this one, over the last 8 years and 3 within the last 24 months) is further indicia of bad faith and filing bankruptcy cases for the improper purpose of attempting to force the Creditor into entering into a loan modification when the Creditor is under no obligation to do so (or, at least, the Debtor has not demonstrated any such obligation).  The point is, the Debtor's bad faith conduct in this and his other bankruptcy cases and his abusive and improper purpose filings have adversely affected Creditor's substantive rights under applicable non-bankruptcy law; the totality of those circumstances is sufficient cause under § 362(d)(1).  *Duvar Apt., Inc. v. FDIC (In re Duvar Apt.)*, 205 B.R. 196, 200–01 (B.A.P. 9th Cir. 1996).[1]

As to Creditor's argument under § 362(d)(4), the court concurs with the ruling in the prior bankruptcy filing that, although indicative of bad faith, the Debtor's bankruptcy cases filed and "spaced out over eight years may be more akin to an uninformed or futile tactic rather than a fraudulent 'scheme.'" Case No. 18-26553, Dkt. 31, pp. 4–5.

For the foregoing reasons, the motion will be granted and the stay terminated to permit Creditor to exercise its rights to the Property under applicable nonbankruptcy law.

The 14-day stay of Rule 4001(a)(3) is not waived.

No further relief is ordered.

**THE COURT WILL PREPARE A MINUTE ORDER.**

---

[1] The court also notes that the Debtor may not even have the ability to reorganize.  Based on an initial cursory review, to the extent the Debtor proposes a plan that provides for adequate protection payments on a mortgage secured by a lien on his residence, the plan violates 11 U.S.C. § 1322(b)(2) and is dead on arrival.